# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANABEL QUINTERO,<br><br>    Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | Case No.: 1:13-cv-00478-SKO<br><br>**STIPULATION AND ORDER APPROVING SETTLEMENT OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d), AND COSTS PURSUANT TO 28 U.S.C. § 1920** |

    IT IS HEREBY STIPULATED, by and between the parties, through their undersigned counsel, that Plaintiff's previously filed Motion for Attorney's Fees and Expenses Under the Equal Access to Justice Act (Docket No. 20) is hereby withdrawn.

    IT IS HEREBY STIPULATED by and between the parties, through their undersigned counsel, subject to the Court's approval, that Plaintiff be awarded attorney's fees and expenses in the amount of SEVEN THOUSAND TWENTY DOLLARS AND NINETY-ONE CENTS ($7,020.91) under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), and costs in the amount of ZERO DOLLARS ($0.00) under 28 U.S.C. § 1920.  This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. §§ 1920, 2412(d).

    After the Court issues an order for EAJA fees to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees to Plaintiff's attorney.  Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 598 (2010), the ability to honor the assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's

Offset Program. After the order for EAJA fees is entered, the government will determine whether they are subject to any offset.

Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to Dellert Baird Law Offices, PLLC, pursuant to the assignment executed by Plaintiff. Any payments made shall be delivered to Plaintiff's counsel.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees and expenses and does not constitute an admission of liability on the part of Defendant under the EAJA or otherwise. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Plaintiff's counsel, including Dellert Baird Law Offices, PLLC, may have relating to EAJA attorney fees and expenses in connection with this action.

This award is without prejudice to the rights of Plaintiff's counsel and/or Dellert Baird Law Offices, PLLC, to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

Respectfully submitted,

Dated: January 30, 2015    */s/ Lynn M. Harada for Kelsey Mackenzie Brown\**
(*as authorized via email on 1/30/15)
KELSEY MACKENZIE BROWN
Attorney for Plaintiff

Dated: January 30, 2015    BENJAMIN B. WAGNER
United States Attorney
DONNA L. CALVERT
Regional Chief Counsel, Region IX
Social Security Administration

By:   /s/ Lynn M. Harada
LYNN M. HARADA

Special Assistant U.S. Attorney

Attorneys for Defendant

**ORDER**

Pursuant to the parties' stipulation, IT IS HEREBY ORDERED that Plaintiff shall be awarded attorney's fees in the amount of SEVEN THOUSAND TWENTY DOLLARS AND NINETY-ONE CENTS ($7,020.91), as authorized by 28 U.S.C. § 2412(d), and costs in the amount of ZERO DOLLARS ($0.00), pursuant to 28 U.S.C. § 1920, subject to the terms of the above-referenced Stipulation.

IT IS SO ORDERED.

Dated:   **February 4, 2015**            **/s/ Sheila K. Oberto**
                                         UNITED STATES MAGISTRATE JUDGE