# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANABEL L. QUINTERO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN,<br><br>Acting Commissioner of Social Security,<br><br>　　　　　Defendant.　　　　／ | Case No.  1:13-cv-00478-SKO<br><br>**ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)**<br><br>(Doc. 26) |

## I.    INTRODUCTION

On August 5, 2016, counsel for Plaintiff, Kelsey Mackenzie Brown, Esq., filed a motion for an award of attorneys' fees pursuant to 42 U.S.C. § 406(b). (Doc. 26.) On August 8, 2016, the Court issued a minute order requiring Plaintiff Anabel L. Quintero ("Plaintiff") and the Commissioner to file their objection to Plaintiff's counsel's motion, if any, by no later than September 5, 2016. (Doc. 27.) Plaintiff and the Commissioner were served with copies of the motion for attorney's fees and the minute order. (Docs. 26, 28.) On September 6, 2016, the Commissioner filed a statement taking no position as to the reasonableness of the fee request (Doc. 29), and Plaintiff did not file any objection to the motion (*See* Docket).

For the reasons set forth below, the motion for an award of attorney's fees is GRANTED in the amount of $8,295.02, subject to an offset of $7,020.91 in fees already awarded pursuant to the Equal Access to Justice Act ("EAJA") on February 4, 2015 (*see* Doc. 25).

## II.    BACKGROUND

Plaintiff brought the underlying action seeking judicial review of a final administrative decision denying her claim for disability benefits under the Social Security Act. (Doc. 1.) The

Court reversed the Commissioner's denial of benefits and remanded the case to the agency for further proceedings. (Doc. 18.) Judgment was entered in favor of Plaintiff and against the Commissioner on September 29, 2014. (Doc. 19.) On February 4, 2015, the parties stipulated to an award of $7,020.91 in attorney fees and expenses under EAJA. (Docs. 24, 25.)

On remand, the Commissioner issued a decision finding Plaintiff disabled. (*See* Doc. 26-2 (agency letter summarizing award of benefits).) On June 28, 2016, the Commissioner issued a notice that retroactive disability benefits had been awarded to Plaintiff and that $5,929.98, representing 25 percent of Plaintiff's past-due benefits, had been withheld from Plaintiff's award of disability benefits for payment of any applicable attorney's fees. (Doc. 26-2, p. 3.) On August 5, 2016, counsel filed a motion for attorney's fees in the amount of $8,295.02, with an offset of $7,000 for EAJA fees already awarded.[1] (Doc. 26.) It is counsel's section 406(b) motion for attorney's fees that is currently pending before the Court.

### III.     DISCUSSION

Pursuant to the Social Security Act, attorneys may seek a reasonable fee for cases in which they have successfully represented social security claimants. Section 406(b) provides the following:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, *not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment*, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits . . . .

42 U.S.C. § 406(b)(1)(A) (emphasis added). "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)). The Commissioner has standing to challenge the award, despite that the § 406(b) attorney's fee award

---

[1] In her motion, Plaintiff's counsel misstates the prior EAJA award as $7,000.00. (*See* Doc. 26, pp. 4, 5 n.4.) Instead, the amount to which the parties stipulated, and the Court awarded, was $7,020.91. (*See* Docs. 24, 25.)

1  is not paid by the government. *Craig v. Sec'y Dep't of Health & Human Servs.*, 864 F.2d 324, 328
2  (4th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807.  The goal of fee
3  awards under section 406(b) is to provide adequate incentive to represent claimants while ensuring
4  that the usually meager disability benefits received are not greatly depleted. *Cotter v. Bowen*, 879
5  F.2d 359, 365 (8th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807.

6        The twenty-five percent (25%) maximum fee is not an automatic entitlement, and courts
7  are required to ensure that the requested fee is reasonable.  *Gisbrecht*, 535 U.S. at 808-09
8  (Section 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead,
9  section 406(b) instructs courts to review for reasonableness fees yielded by those agreements).
10 "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the
11 fee sought is reasonable for the services rendered." *Id.* at 807; *see also Crawford*, 586 F.3d at
12 1148 (holding that section 406(b) "does not specify how courts should determine whether a
13 requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due
14 benefits awarded").

15       Generally, "a district court charged with determining a reasonable fee award under
16 section 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' . . .
17 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586
18 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808).  The United States Supreme Court has
19 identified several factors that may be considered in determining whether a fee award under a
20 contingent-fee agreement is unreasonable and therefore subject to reduction by the court: (1) the
21 character of the representation; (2) the results achieved by the representative; (3) whether the
22 attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits;
23 (4) whether the benefits are large in comparison to the amount of time counsel spent on the case;
24 and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-
25 contingent cases. *Id.* (citing *Gisbrecht*, 535 U.S. at 807-08).

26       Here, the fee agreement between Plaintiff and Dellert Baird Law Offices, PLLC, provides:

27       [Plaintiff] authorizes DELLERT BAIRD to seek fees from their past due benefits
28       totaling up to 25% of all past due benefits, pursuant to 42 U.S.C. § 406(b), if

3

> [Plaintiff] is awarded benefits by the Court on appeal, or the Social Security Administration after the Court remands the case to the Social Security Administration for further proceedings.

(Doc. 26-1 (signed April 1, 2014).)

The Court has considered the character of counsel's representation of Plaintiff and the good results achieved by counsel, which included an award of benefits. As Plaintiff's counsel, Kelsey Brown spent 50.6 hours representing Plaintiff, ultimately gaining a favorable decision in that the Commissioner's decision was reversed and remanded to the agency for reconsideration. (Doc. 24-3 (time sheets accounting for 50.6 attorney hours spent representing Plaintiff before the district court).) There is no indication that a reduction of the award is warranted due to any substandard performance by Plaintiff's counsel as counsel secured a successful result for Plaintiff. There is also no evidence that counsel engaged in any dilatory conduct resulting in delay.

Attorney's fees in the amount of $8,295.02 represents *less* than 25% of the past-due benefits paid to Plaintiff and are not excessive in relation to the past-due award. (Doc. 26, p. 4; *see* Doc. 26-2, p. 3.) *See generally Taylor v. Astrue*, No. 1:06-cv-00957-SMS, WL 836740, at *2 (E.D. Cal. Mar. 4, 2011) (granting petition for an award of attorney's fees pursuant to section 406(b) in the amount of $20,960.00); *Jamieson v. Astrue*, No. 1:09-cv-00490-LJO-DLB, WL 587096, at *2 (E.D. Cal. Feb. 9, 2011) (recommending an award of attorney's fees pursuant to section 406(b) in the amount of $34,500.00); *Logan-Laracuente v. Astrue*, No. 1:07-cv-00983-SMS, WL 4689519, at *2 (E.D. Cal. Nov. 10, 2010) (granting petition for attorney's fees pursuant to section 406(b) in the amount of $23,558.62).

In making this determination, the Court recognizes the contingent-fee nature of this case and counsel's assumption of risk in agreeing to represent Plaintiff under such terms. *See Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) ("Because attorneys like Mr. Sackett contend with a substantial risk of loss in Title II cases, an effective hourly rate of only $450 in successful cases does not provide a basis for this court to lower the fee to avoid a 'windfall.'" (quoting *Gisbrecht*, 535 U.S. at 807)).

An award of attorney's fees pursuant to section 406(b) in the amount of $8,295.02 is therefore appropriate. An award of section 406(b) fees, however, must be offset by any prior

award of attorney's fees granted under the EAJA.  28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796.  Plaintiff was previously awarded $7,020.91 in fees pursuant to the EAJA; as such, the fee award will be offset by $7,020.91 for a <u>net</u> award of **$1,274.11.**[2]

### IV.    CONCLUSION AND ORDER

For the reasons stated above, the Court concludes that the fees sought by Plaintiff's counsel pursuant to Section 406(b) are reasonable.

Accordingly, IT IS ORDERED that Plaintiff's counsel's motion for an award of attorney's fees pursuant to Section 406(b) in the amount of $ 8,295.02 is GRANTED, subject to an offset of $7,020.91 for EAJA fees previously awarded.

IT IS SO ORDERED.

Dated:   **September 8, 2016**                               /s/ *Sheila K. Oberto*
                                                             UNITED STATES MAGISTRATE JUDGE

---

[2] Because Plaintiff's counsel misstates the prior EAJA award as $7,000.00 (and not the actual award of $7,020.91), her calculation of net fee award is erroneously stated as $1,295.02. (*See* Doc. 26, pp. 1, 4, 5.)  The Commissioner's submission, while setting forth the correct EAJA award amount, also erroneously calculates the net fee award as $1,295.02. (*See* Doc. 29, pp. 3, 5.)